FILED
2020 Apr-30  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,** ) ) ) | |
| **Plaintiff,** ) | |
| **v.** ) | **CASE NO.:**_____ |
| ) | |
| **AIMEE PIKE,** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff American General Life Insurance Company ("American General"), by and through its attorneys, files this Complaint for Declaratory Judgment against Defendant Aimee Pike, showing the Court as follows:

**The Parties**

1.      American General is a life insurance company organized under the laws of the State of Texas and maintains a principal place of business in Houston, Texas. American General is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2.      Upon information and belief, Defendant Aimee Pike ("Defendant") is a resident of Talladega County, Alabama, and is a citizen of the State of Alabama within the meaning and intent of 28 U.S.C. § 1332.

**Jurisdiction and Venue**

3.      American General and Defendant are citizens of different states and, as more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4.     This Court has proper venue of this declaratory judgment action pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Talladega County, Alabama, which is in the Northern District of Alabama, Eastern Division, pursuant to 28 U.S.C. § 81(a)(4).

5.     American General seeks a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

## Factual Background

6.     American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Alabama.

7.     On January 4, 2019, Randy Lee Webb ("Mr. Webb"), a citizen and resident of Talladega County, Alabama, applied for a $100,000 life insurance policy with American General.

8.     On February 4, 2019, American General issued Policy No. 4199590241 (the "Policy") with a face amount of $100,000 insuring the life of Mr. Webb. The beneficiary of the Policy is Defendant Aimee Pike, identified in the application as Mr. Webb's fiancée.

9.     On or about November 6, 2019, Mr. Webb passed away.

10.     On or about January 22, 2020, Defendant Pike submitted a claim for benefits.

11.     The Policy contains the following language pertinent to this matter:

**Death Benefit**

If the Insured dies before the policy's Termination Date shown on the Policy Schedule and while this policy is in force, We will pay the Death Benefit to the Beneficiary after We receive Due Proof of Death and proper written claim showing proof of the claimant's interest in the Death Benefit.

**Incontestability**

We rely on the statements made in the application for this policy and any amendments of applications, supplemental applications, and applications for any reinstatements. These statements, in the absence of fraud, are considered representations and not warranties. No statement may be used in defense of a claim under this policy unless it is in such applications attached to this policy.

We cannot contest this policy after it has been in force during the Insured's lifetime for two years from the Date of Issue. If this policy is reinstated, We cannot contest this policy during the Insured's lifetime after it has been in force for two years from the date of such reinstatement.

*See* Policy at 6, 9-10. A copy of Policy Number 4199590241 is attached hereto as Exhibit A.

12.     Parts A and B of the Life Insurance Application each contained the following declaration above the signature:

I, the Proposed Insured signing below, acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand this application: (1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and any rider(s) issued. I understand that no information about me will be considered to have been given to the Company by me unless it is stated in the application. I agree to notify the Company of any changes in the statements or answers given in the application between the time of application and delivery of any policy. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.

*See* Exh. A.

13.     Because Mr. Webb's death occurred within two years of the issuance of the Policy, American General conducted an investigation to determine the extent of its liability. During the course of its investigation following Mr. Webb's death, American General obtained medical

records for Mr. Webb indicating that he had materially misrepresented his health and medical history in Part B of the Life Insurance Application.

14.     Part B of the Life Insurance Application (Medical History) contained questions related to Mr. Webb's health and medical history. In response to questions contained in Part B of the Life Insurance Application, Mr. Webb materially misrepresented his health and medical history.[1]

15.     Given Mr. Webb's health and medical history, Questions 5(B)(3), 5(C), 5(G)(1), 5(G)(2), and 5(K) in Part B of the Life Insurance Application, should have been answered, "YES."

16.     Had American General been aware of this undisclosed medical history, the Policy would not have been approved for issue. As a result, American General's liability is limited to a refund of the premiums paid.

## <u>COUNT ONE</u>

### <u>DECLARATORY JUDGMENT AS TO WHETHER<br>THE POLICY IS DUE TO BE RESCINDED BASED ON MATERIAL<br>MISREPRESENTATIONS IN THE APPLICATION FOR LIFE INSURANCE</u>

17.     American General incorporates Paragraphs 1-16 by reference.

18.     Defendant Pike seeks payment of benefits under the Policy.

19.     Alabama Code § 27-14-7 establishes an insurance company's ability to rescind a policy of insurance based upon statements contained in an application. Section 27-14-7 provides:

(a)     All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or on behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(1)     Fraudulent;

---

[1] Pursuant to federal privacy laws and the Federal Rules of Civil Procedure, American General is unable to further elaborate on the exact nature of the material misrepresentations made by Mr. Webb. If required at some later time, American General will file the relevant materials under seal with the Court.

4

(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer either by the application for the policy or contract or otherwise.

*See* Ala. Code § 27-14-7.

20. Mr. Webb's representations regarding his medical history in Part B of the Life Insurance Application were false.

21. Mr. Webb's false representations regarding his medical history in Part B of the Life Insurance Application were material to American General's acceptance of the risk.

22. Had American General been aware of Mr. Webb's false representations regarding his medical history in Part B of the Life Insurance Application, it would not have issued a policy in any amount.

23. If it is determined that the Policy is due to be rescinded due to material misrepresentations made by Mr. Webb in Part B of the Life Insurance Application, then American General's liability would be limited to a refund of the premiums paid.

24. Therefore, an actual controversy exists as to whether American General is obligated to pay the death benefit under the Policy.

25. A declaratory judgment regarding whether American General is obligated to pay the death benefit under the Policy will completely resolve the controversy between the parties.

## Requested Relief

WHEREFORE, American General prays of this Honorable Court as follows:

(a)     For a declaratory judgment that American General Policy No. 4199590241 is due to be rescinded based on material misrepresentations made by Randy Lee Webb in the Life Insurance Application and that American General's liability under the Policy is limited to payment to Defendant Aimee Pike of a sum equal to the amount of premiums paid; and

(b)     For such other and further relief as the Court deems just and proper.

Submitted this 30th day of April, 2020.

s/ Louis F. Mendez
David P. Donahue
AL Bar No. ASB-3216-H49D
Louis F. Mendez
AL Bar No. ASB-3698-E46J
Attorneys for Plaintiff
American General Life Insurance Company
BRESSLER, AMERY & ROSS, PC
2001 Park Place, Suite 1500
Birmingham, AL 35203
Tel.: (205) 719-0400
Fax: (205) 719-0500
Email: ddonahue@bressler.com
Email: lmendez@bressler.com
