# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,** | ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | Case No.: 1:20-cv-00607-ACA |
| **AIMEE PIKE,** | ] ] | |
| Defendant. | ] | |

## **MEMORANDUM OPINION**

Before the court is Plaintiff American General Life Insurance Company's ("American General") motion for default judgment. (Doc. 12). After the Clerk entered default against Defendant Aimee Pike (doc. 8), American General moved under Federal Rule of Civil Procedure 55(b) for a default judgment, seeking a declaratory judgment that a life insurance policy it issued to Ms. Pike's fiancée is due to be rescinded pursuant to Alabama Code § 27-14-7. (Doc. 12 at 12).

Because American General's well-pleaded allegations and other evidence of record support its request for a declaration that the life insurance policy at issue is due to be rescinded, the court **WILL GRANT** the motion for default judgment.

**I.     BACKGROUND**

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). In resolving a motion for default judgment, the court also may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011).

On January 4, 2019, Randy Lee Webb applied for a $100,000 life insurance policy with American General. (Doc. 1 at ¶ 7; Doc. 12-1; Doc. 12-2). As part of the application, Mr. Webb answered a series of question about his medical history. He answered "no" when asked if he had ever been diagnosed with, treated for, or consulted a physician for cancer or masses. (Doc. 12-2 at 3). Mr. Webb answered "yes" when asked if—other than previously stated on the application—he had "taken any medications, had treatment or therapy or been under medical observation within the past 12 months." (*Id.* at 4). He explained that he was taking medication for wrist pain after falling off a ladder. (*Id.* at 6).

Mr. Webb answered "no" when asked whether, in the past five years, he had "been hospitalized, consulted a member of the medical profession or had any illness, injury, or surgery." (Doc. 12-2 at 4). He also answered "no" when asked whether he had "been advised by a member of the medical profession concerning

2

any abnormal diagnostic test results, been advised to see a specialist, or been advised to have any diagnostic test, hospitalization, surgery, or treatment that was NOT completed" or whether he had any pending test results. (*Id.*). Mr. Webb answered "no" when asked if, within the past five years, he had "been treated for or been diagnosed by a member of the medical profession for any other medical, physical, or psychological condition" not previously disclosed. (*Id.* at 5).

Mr. Webb signed the application under the "Agreement and Signatures" section which stated that "[m]y answers to the questions in this application are true and complete to the best of my knowledge and belief," and that "I understand that any misrepresentation contained in this application and relied on by [American General] may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period." (Doc. 12-2 at 6).

American General issued Policy No. 4199590241 ("the policy" or "life insurance policy") on February 4, 2019, insuring Mr. Webb's life for $100,000. (Doc. 1 at ¶ 8; Doc. 1-1 at 3–60). Defendant Aimee Pike, Mr. Webb's fiancée, is the named beneficiary of the policy. (Doc. 1 at ¶ 8; Doc. 12-1 at 2).

On December 2, 2019, Ms. Pike notified American General that Mr. Webb passed away on November 6, 2019. (Doc. 12-4 at 2). Ms. Pike filed a claim for the policy's death benefits. (Doc. 12-4 at 2–11). Because Mr. Webb's death

occurred within two years of issuance of the policy, American General conducted a contestable claim investigation. (Doc. 1 at ¶ 13; *see also* Doc. 1-1 at 19–20; Doc. 12-7 at 2).

During its investigation, American General obtained medical records for Mr. Webb indicating that he had misrepresented his health and medical history on the insurance application. (Doc. 1 at ¶ 13; *see* Docs. 12-8, 12-9, 12-10). These records reveal that Mr. Webb had received treatment for liver disease and colon cancer in the months before he submitted his life insurance application, but he did not disclose this information when he applied for the life insurance policy. (*Compare* Doc. 12-2 at 3–5, 7 *with* Docs. 12-8, 12-9, 12-10).[1] After reviewing these medical records, an American General underwriting specialist issued a memorandum stating that if Mr. Webb had disclosed this treatment and medical history in his application, then "the application would have been declined." (Doc. 12-11).

American General sent Ms. Pike a letter explaining that American General considered the life insurance policy void due to Mr. Webb's material misrepresentations on the application. (Doc. 12-12 at 1–4). American General

---

[1] The court has thoroughly reviewed the medical records that American General submitted. (Docs. 12-8, 12-9, 12-10). To avoid unnecessary publication about the details of Mr. Webb's medical history in the months before his death, the court does not elaborate on every diagnosis, test, and treatment that Mr. Webb received but did not disclose on his insurance application.

advised Ms. Pike that it would send a premium refund check to Ms. Pike under separate cover.  (*Id.* at 3).

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a).  Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Here, the Clerk has already entered Ms. Pike's default, so the court must determine whether the well-pleaded factual allegations and other evidence of record support American General's claim for a declaration that the policy is due to be rescinded and that Ms. Pike is not entitled to the policy benefits.

Under Alabama law, any misrepresentations, omissions, concealment of facts, or incorrect statements do not prevent recovery under an insurance policy unless they are "material [] to the acceptance of the risk," or "[t]he insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for or would not have issued a

policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer. . . ." Ala. Code. § 27-14-7(a)(2)-(3).

"To invoke § 27-14-7, an insurer need establish only that a misrepresentation in the application was a material contributing influence that induced the insurer to issue the policy." *Nationwide Mut. Fire Ins. Co. v. Pabon*, 903 So. 2d 759, 767 (Ala. 2004). "The materiality of a misrepresentation on a policy application is generally a jury question. *Alfa Life Ins. Corp. v. Lewis*, 910 So. 2d 757, 762 (Ala. 2005). However, "[i]f the facts as to materiality are undisputed, then the question need not be submitted to the jury." *Richerzhagen v. Nat'l Home Life Assur. Co. of New York*, 523 So. 2d 344, 347 (Ala. 1988).

As a defaulting defendant, Ms. Pike accepts as true American General's allegations that Mr. Webb made material misrepresentations on the life insurance policy application regarding his medical history and that but for those misrepresentations, American General would not have issued the life insurance policy. (Doc. 1 at ¶¶ 14, 16, 20, 22). The medical records and other evidence that that American General submitted in support of its motion for default judgment confirm these allegations. (Docs. 12-8, 12-9, 12-10, 12-11 at 2–3).

Accordingly, American General has established that it is entitled to rescind the policy under Alabama Code § 27-14-7.

### III. CONCLUSION

The court **WILL GRANT** American General's motion for default judgment. (Doc. 12). The court **WILL ENTER DEFAULT JUDGMENT** in favor of American General and against Ms. Pike. American General is entitled to a declaration that the life insurance policy it issued to Mr. Webb is due to be rescinded under Alabama Code § 27-14-7 and that its liability is limited to a refund of premiums paid.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 26, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE